UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22CR671 SRC(SPM) |
| ) | |
| ARVELL PRUITT ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§636(b). Defendant Arvell Pruitt is charged in a one count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) (Doc. 1). Defendant has filed a pretrial motion to dismiss the indictment. Citing the Supreme Court's decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen,* 597 U.S. 1, 24 (2022), the Third Circuit's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), and case law from other jurisdictions, Defendant argues that prosecuting him under §922(g)(1) violates his Second Amendment rights because the lifetime ban imposed by §922(g)(1) is "not consistent with the Nation's historical tradition of firearm regulation." (Doc. 70, citing *Bruen,* 597 U.S. at 24).

1

Defendant acknowledges his argument has been foreclosed by the Eighth Circuit's decision in *United States v. Jackson,* 69 F.4th 495, 502 (8th Cir. 2023) (upholding Section 922(g)(1) and "conclud[ing] that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"). (Doc. 83, at p. 1). Defendant nevertheless contends the Eighth Circuit "got it wrong in *Jackson*" and states he "files this motion to preserve the issue" given the conflict between the Eighth Circuit's decision in *Jackson* and the Third Circuit's decision in *Range* (Doc. 70, at p. 2 & 6). Defendant anticipates that, considering this conflict, the Supreme Court will take up the issue to clarify when and if prosecutions under §922(g)(1) are constitutional. *Id.* at p.2. In response to this motion, the United States agrees the issue raised by Defendant's motion has been foreclosed by *Jackson* (Doc. 83).

Regardless of the merit (or lack thereof) of Defendant's arguments, this Court is bound by the Eighth Circuit's decision in *Jackson.* As such, unless and until the Supreme Court addresses the apparent conflict, Defendant's *Bruen* claims fail both facially and as applied to Defendant.

In accordance with the Memorandum Opinion above,

**IT IS HEREBY RECOMMENDED** that Defendant Arvell Pruitt's Motion to Dismiss the Indictment (Doc. 70) be **DENIED.**

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination. Failure to timely file

objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

Trial in this case will be conducted before the **Honorable Stephen R. Clark**. Judge Clark will enter a separate order setting the trial date.

Dated: March 20, 2024.

*/s/ Shirley Padmore Mensah*
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE
